# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDERICK LARRY ROSS, JR.**             **CIVIL ACTION NO.**
**(#585778)**

**VERSUS**             **24-712-SDD-EWD**

**KEVIN DURBIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 18, 2025.

                                     **ERIN WILDER-DOOMES**
                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDERICK LARRY ROSS, JR. (#585778)**　　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　**24-712-SDD-EWD**

**KEVIN DURBIN, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint of Plaintiff Frederick Larry Ross ("Ross" or "Plaintiff"), who is representing himself, and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening permitted by 28 U.S.C. § 1915(e) and required by 28 U.S.C. § 1915A, it is recommended that the Court decline the exercise of supplemental jurisdiction over potential state law claims and that Plaintiff's federal constitutional claims be dismissed with prejudice for failure to state a claim.

**I.　　BACKGROUND**

Ross filed this lawsuit on or about August 26, 2024 against Breanna Conrad, Kevin Durbin, and Jamaree Martin, alleging violation of his civil rights under 42 U.S.C. § 1983 based on excessive force and related claims of failure to intervene.[2] Ross requests money damages and injunctive relief.[3]

---

[1] R. Docs. 1, 4.  Documents in the Court record are referred to as "R. Doc. __." Ross was previously incarcerated at the Elayn Hunt Correctional Center. *See* R. Docs. 1, 4, 5.

[2] R Docs. 1, 4.

[3] R. Doc. 4, p. 5.

## II. LAW & ANALYSIS

### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Ross has sued prison employees, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[5] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it must contain enough factual information to raise a

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), which means without prepaying the filing fee. 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Ross was granted IFP status on August 30, 2024, so both statutes apply. R. Doc. 3.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

reasonable expectation that discovery will provide evidence of each element of the plaintiff's claims.[9]

### B. Ross Has Not Stated a Claim for Excessive Force and, Therefore, Cannot State a Claim for Failure to Intervene[10]

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[11] Although "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury,"[12] cruel and unusual punishment under the Eighth Amendment does not include *de minimis* uses of physical force (in other words, minor uses of force), as long as the force used is not "repugnant to the conscience of mankind."[13] Factors to consider in deciding whether force is excessive include the extent of injury sustained,[14] if any; the need for the use of force; the relationship between the need for force and the amount of force used; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[15] The inquiry regarding the reasonableness of the officer's actions is an objective, rather than subjective, one. In other words, "the question is whether the officers' actions

---

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).

[10] To the extent Ross seeks to bring a claim for violation of his right to privacy because he was seen naked by two female guards, he also cannot state a claim. *Garrett v. Thaler*, 560 Fed.Appx. 375, 381 (5th Cir. 2014) (collecting cases noting that female correctional officers' presence around naked prisoners does not violate the prisoners' privacy rights).

[11] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

[12] *Wilkins*, 559 U.S. at 38.

[13] *Hudson*, 503 U.S. at 10.

[14] Though extent of injury is a factor to consider in determining whether excessive force was used, no arbitrary amount of injury is required to maintain an excessive force claim. *Wilkins*, 559 U.S. at 39.

[15] *Id.* at 7.

3

are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[16]

Ross does not allege he sustained any injury, so the first factor weighs against a finding of excessive force.[17] Regarding need for the use of force, Plaintiff's own description of the incident that gives rise to his claims indicates that he was uncooperative when the force was used. Specifically, Ross admits he was actively refusing orders and was sprayed with bursts of chemical agent until he was compliant: "I refused to give up the handcuffs that were placed on me…Major Breanna Conrad sprayed me with chemical agent in an attempt to try to get me to comply."[18]

It is well established that force may be used against non-compliant inmates to gain compliance.[19] Ross "set the stage" for the use of force by disobeying orders.[20] Additionally, use of chemical agent is "typically considered minimal force after verbal intervention."[21] Therefore, this factor, which is the "most important," weighs against a finding of excessive force.[22]

---

[16] *Watkins*, 515 F.Supp.3d at 510, citing *Davis v. Romer*, 500 Fed.Appx. 926, 931 (5th Cir. 2015) (quoting *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011).

[17] It is proper to weigh these factors on screening. *See, e.g., Havens v. Sheriff's Dept. of Aransas County*, No. 24-283, 2025 WL 2984608, at *12 (S.D. Tex. May 27, 2025) (weighing factors for excessive force on screening for a pretrial detainee and finding the weighing of factors did not support a finding of objectively unreasonable force); *Batton v. Bayou Correctional Center*, No. 21-3976, 2022 WL 794721, at *3-4 (W.D. La. Feb. 23, 2022) (weighing the excessive force factors and finding the claim subject to dismissal at the screening stage).

[18] R. Doc. 1, p. 4.

[19] *Brown v. Gusman*, No. 15-1491, 2015 WL 6827260, at *5 (E.D. La. Nov. 6, 2015), citing *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000); *Williams v. Bengamin*, 77 F.3d 756, 763 (4th Cir. 1996); and *Soto v. Dickey*, 744.F.2d. 1260, 1267 (7th Cir. 1984).

[20] *Diaz v. Ray*, No. 17-25, 2017 WL 8790964, at *3 (N.D. Tex. Nov. 17, 2017) (dismissing as frivolous excessive force claim where inmate refused to obey orders "justifying the use of some degree of force"), citing *Calhoun v. Wyatt*, No. 11-04, 2013 WL 1882367, at *6 (E.D. Tex. May 2, 2013).

[21] *Woolverton v. Livingston*, No. 15-314, 2018 WL 5885541, at *10 (N.D. Tex. June 20, 2018).

[22] *See Watkins v. Gautreaux*, No. 19-635, 515 F.Supp.3d 500, 509 (M.D. La. Jan. 28, 2021), citing *Malbrough v. Stelly*, 814 Fed.Appx. 798, 803 (5th Cir. 2020) (per curiam) (noting that the second factor (the need for force) is the most important).

4

As to the relationship between the need for, and the amount of, force, Ross alleges that he was sprayed with four separate bursts of chemical agent, each five seconds apart, until he complied with orders.[23] The spurts of chemical agent used until Ross complied appear to be proportional to the need.[24] The use of chemical agent in this case "bears the hallmarks of a good-faith effort to restore discipline," foreclosing a claim of excessive force.[25] Ross cannot show that the limited force used in this case was for malicious purposes, rather than to regain order, such that he fails to state a federal constitutional claim. Accordingly, Plaintiff's federal claim for excessive force should be dismissed with prejudice for failure to state a claim.[26] Additionally, Plaintiff's failure to intervene claims necessarily fail because he fails to state a claim for excessive force.[27]

---

[23] R. Doc. 1, p. 4.

[24] *Rubio v. Norton*, No. 22-00127, 2024 WL 5673497, at *4 (N.D. Tex. Aug. 8, 2024), report and recommendation adopted, No. 22-00127, 2025 WL 1260541 (N.D. Tex. Apr. 30, 2025) (burst of chemical agent used to gain compliance was proportional to the need and constituted a good-faith effort to restore discipline).

[25] *Id. T*he "threat" posed was non-compliance of an inmate. As noted above, it is well recognized that chemical agent may be used to gain compliance. The final factor—efforts made to temper the severity of a forceful response—is neutral, as it is unclear what orders were given to Ross prior to the use of chemical spray, but considering all other factors weigh against a finding of excessive force, it is inconsequential. R. Doc. 1, p. 4; R. Doc. 4, p. 5.

[26] *See Tillis v. Garcia,* 99 F.3d 1135 (5th Cir. 1996) (finding no reasonable jury could have found for the plaintiff on his excessive force claim where inmate had minimal injuries and provoked officers after engaging in property destruction before force was used); *Robertson v. Jefferson Parish Correctional Center*, No. 23-7418, 2024 WL 3799490, at *5-6 (E.D. La. July 12, 2024) (dismissing as frivolous claim for excessive force where detainee was admittedly non-compliant); *Dominguez v. Perry*, No. 09-695, 2010 WL 3619553, at *3 (E.D. Tex. May 2, 2010) (dismissing as frivolous an excessive force claim where prisoner admitted he disobeyed orders). Ross also cannot state a claim of deliberate indifference to a serious medical need or deliberate indifference, generally, as a result of Defendants not allowing him "to see medical afterwards" or to decontaminate from the pepper spray until after the end of shift. R. Doc. 4, p. 5. A claim of deliberate indifference based on a delay of care requires demonstrating deliberate indifference *and* resulting substantial harm due to the delay. *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Mendoza v. Lynagh*, 989 F.2d 191, 195 (5th Cir. 1993). Ross has not alleged any harm resulting from the chemical agent, foreclosing a deliberate indifference claim, and courts have generally found that not being allowed to decontaminate or see medical for some time after being sprayed with chemical agent does not amount to deliberate indifference. *See Church v. Rangel*, No. 23-74, 2024 WL 2138330, at 12-14 (S.D. Tex. April 9, 2024) (collecting cases; one of which finding an eight-hour delay in decontamination from pepper spray did not constitute deliberate indifference).

[27] *Winegarner v. City of Irving Texas*, No. 24-2171, 2025 WL 2608241, at *11 (N.D. Tex. Aug. 20, 2025) (an excessive force claim, or at least a constitutional violation, is a necessary prerequisite to a failure to intervene claim).

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Ross wants this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Federal district courts are given wide discretion in disposing of state law claims,[28] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[29] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

### D. Leave to Amend Should Not be Granted

Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed…[g]ranting leave to amend…is not required if the plaintiff has already pleaded her best case."[30] It appears Ross has already pleaded his best case. He has already amended his complaint once[31] and he has clearly explained what he claims happened that he believes violated his constitutional rights. Despite pleading his best case, Ross still fails to state a

---

[28] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

[29] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)))).

[30] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[31] R. Doc. 4.

claim and could not state a claim because the use of force complained of was justified, so he should not be given further leave to amend.

## RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined, and that Plaintiff's federal claims for excessive force and the related claims for failure to intervene be **DISMISSED WITH PREJUDICE** for failure to state a claim based on the Court's screening under 28 U.S.C. §§ 1915(e) and 1915A.[32]

Signed in Baton Rouge, Louisiana, on November 18, 2025.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] Ross is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.